NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RODNEY MATHEW JACKSON, *Appellant.*

No. 1 CA-CR 22-0590
FILED 1-23-2024

Appeal from the Superior Court in Yavapai County
No.  P1300CR202000634
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Offices of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Judge Jennifer M. Perkins and Judge Daniel J. Kiley joined.

---

**H O W E**, Judge:

**¶1**      This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Rodney Mathew Jackson has advised this court that he has found no arguable questions of law and asks us to search the record for fundamental error. Jackson was convicted of two counts of sale or transportation of dangerous drugs, class 2 felonies, and one count of possession of methamphetamine-related drug paraphernalia, a class 6 felony. He was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Jackson's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

**¶2**      "Our obligation is to review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against" the appellant. *State v. Melendez*, 256 Ariz. 14 ¶ 2 (App. 2023) (cleaned up). Partners Against Narcotics Trafficking ("PANT") is a task force that often uses confidential informants to investigate drug transactions. In early 2020, Thomas Williamson faced drug charges, and contracted as an informant with PANT in exchange for a more lenient sentence. Williamson could complete his contract by helping build five cases against others for selling drugs. This appeal originates from one of those cases.

**¶3**      In January 2020, Defendant Jackson resided at his elderly mother's house in Chino Valley. Knowing that Jackson could sell him methamphetamine, Williamson met with PANT detectives to conduct a controlled buy. The detectives met with Williamson, gave him $350, and searched his person and vehicle to ensure he had no other money or drugs on him. Williamson then drove to Jackson's house, surveilled by the detectives, and entered the residence. Jackson took the money and told Williamson to come back the next day for the drugs. When Williamson returned the next day, again under surveillance, Jackson furnished him

with two small bags containing approximately 27 grams of methamphetamine. One week later, PANT directed Williamson to conduct a second buy. After again being searched and provided cash, Williamson went to Jackson's residence, handed over the money, and returned later that night for the methamphetamine—which had been stashed in a boat on Jackson's property. This buy again yielded approximately 27 grams of the drug.

¶4 In cases using informants, PANT often delays their arrests to protect those informants' identities. They did so here, not contacting Jackson until May 2020, when one of the detectives spotted Jackson while out on patrol. The detective arrested Jackson on the pending drug charges.

¶5 At trial, Jackson was found guilty of two counts of sale or transportation of dangerous drugs and one count of possession of methamphetamine-related drug paraphernalia. The State declined to pursue aggravated charges. Jackson was sentenced to slightly mitigated concurrent terms of 7.5 years' imprisonment for each sale or transportation count and 0.5 years' imprisonment for the paraphernalia count, also concurrent, and granted 40 days' presentence incarceration credit. Jackson timely appealed, and we have jurisdiction under Ariz. Const. art. II, § 24 and A.R.S. § 13–4033(A).

## DISCUSSION

¶6 We review Jackson's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011) (citation omitted). Counsel for Jackson has advised this court that after a diligent search of the entire record, he has found no arguable question of law.

¶7 We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Jackson was represented by counsel at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Jackson's convictions and sentences.

¶8 Upon the filing of this decision, defense counsel shall inform Jackson of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Jackson shall have

30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶9   For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA